**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1547-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JERMAINE BRYANT,
a/k/a TWIN COUNTRY,

    Defendant-Appellant.

_____

Submitted February 14, 2022 – Decided March 7, 2022

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 93-03-1078.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 1994, defendant Jermaine Bryant was tried as an adult for crimes he committed at the age of sixteen. The jury convicted defendant of first-degree murder, second-degree aggravated assault, and weapons offenses. The court imposed an aggregate life sentence with a thirty-five-year period of parole ineligibility. Defendant appeals from an order denying his motion for a change of sentence under Rule 3:21-10(b)(5) and rejecting his claim his sentence violates federal and state constitutional provisions barring cruel and unusual punishment, U.S. Const. amend. VIII; N.J. Const. art. 1, ¶ 12, and the principles established in Miller v. Alabama, 567 U.S. 460 (2012), and State v. Zuber, 227 N.J. 422 (2017). We vacate the court's order in light of our Supreme Court's recent holding that juveniles tried as adults who are convicted of murder "may petition the court to review their sentences after [twenty] years," State v. Comer, ___ N.J. ___, ___ (2022) (slip op. at 51). We remand for an evidentiary, resentencing hearing after which the court shall have "discretion to affirm or reduce . . . defendant's original base sentence within the statutory range, and to reduce the parole bar below the statutory limit to no less than [twenty] years." Id. at ___ (slip op. at 54).

The evidence at defendant's trial established that on November 11, 1992, brothers Michael and Mitchell Saunders visited their uncle at his apartment. Their uncle served as the apartment building's superintendent, and he told his nephews he was having a problem with defendant, who was then sixteen and lived with his mother in the building. The brothers confronted defendant and, during a fight that broke out, defendant retrieved a rifle from his apartment and shot both brothers—wounding Michael and killing Mitchell.

Defendant was tried as an adult. A jury convicted him of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); first-degree murder, N.J.S.A. 2C:11-3(a)(1); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(1); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

At sentencing, the court found aggravating factors three, the risk defendant would reoffend, N.J.S.A. 2C:44-1(a)(3), and nine, the need for deterrence, N.J.S.A. 2C:44-1(a)(9). The court detailed defendant's prior juvenile adjudications, but found mitigating factor seven, defendant had no history of prior delinquency or criminal activity, N.J.S.A. 2C:44-1(b)(7), because he "had no prior adult convictions." The court, however, then stated it

was "not a significant mitigating factor" because defendant was a juvenile. In the judgment of conviction, the court did not list mitigating factor seven, but instead found mitigating factor two, defendant did not contemplate his conduct would cause or threaten serious harm, N.J.S.A. 2C:44-1(b)(2), based on defendant's age. The court explained, "[d]efendant was [sixteen] years old" when he committed the offenses and his "conduct . . . [was] the product of a misguided youth."

The court merged defendant's conviction for possession of a weapon for an unlawful purpose with his murder conviction and imposed a life sentence with a mandatory thirty-year period of parole ineligibility. See N.J.S.A. 2C:11-3(b)(1). The court imposed a consecutive ten-year sentence with a five-year period of parole ineligibility on the aggravated assault conviction, and a concurrent five-year sentence on defendant's conviction for unlawful possession of a weapon. Defendant received an aggregate sentence of life in prison, with a thirty-five-year period of parole ineligibility.

We affirmed defendant's conviction and sentence on his direct appeal, State v. Bryant, 288 N.J. Super. 27 (App. Div. 1996), and the Supreme Court denied defendant's petition for certification, State v. Bryant, 144 N.J. 589 (1996). In the many years following the Court's denial of defendant's petition

for certification, defendant filed numerous petitions for post-conviction relief—all of which have been denied. He has also unsuccessfully moved for a new juvenile waiver hearing and to correct his sentence, and, in federal court, for a writ of habeas corpus.

In February 2017, defendant filed a motion to correct his sentence under Rule 3:21-10(b). Defendant claimed his sentence is illegal because his life sentence and thirty-five-year period of parole ineligibility is the practical equivalent of a life sentence without parole. He relied on Zuber, where the Court held imposition of the practical equivalent of a life sentence without parole on a juvenile constitutes cruel and unusual punishment unless it is supported by consideration of the factors identified in Miller, 567 U.S. at 477-78, for imposition of a life sentence without parole on a juvenile offender.[1] 227 N.J. at 447. Defendant further argued his potential release at age fifty-one, after

---

[1] The Miller factors include: the defendant's "chronological age and its hallmark features — among them, immaturity, impetuosity, failure to appreciate risks and consequences"; "the family and home environment that surrounds [the defendant] — and from which he [or she] cannot usually extricate himself" or herself; "the circumstances of the homicide offense, including the extent of [the defendant's] participation in the conduct and the way familial and peer pressures may have affected" the defendant; "that [the defendant] might have been charged and convicted of a lesser offense if not for the incompetence[] associated with youth"; and that "mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it." 567 U.S. at 477-78; see also Zuber, 227 N.J. at 453 (summarizing Miller factors).

A-1547-19

completion of the thirty-five-year period of parole ineligibility, does not remedy the constitutional infirmity inherent in his sentence because the New Jersey Parole Board, which will decide whether he is released on parole, is not required to consider the Miller factors in making its decision. See State v. Thomas, ___ N.J. Super. ___, ___ (App. Div. 2022) (slip. op. at 41) (explaining the Parole Board does not consider the Miller factors when making a parole release decision).

The court denied defendant's motion, finding he is not entitled to a review of his sentence and consideration of the Miller factors under the Court's reasoning in Zuber because his sentence, inclusive of his period of parole ineligibility, is not the practical equivalent of life without parole. The court noted the defendants in Zuber had parole ineligibility terms of fifty-five years and sixty-eight-and-a-third years, and the court found defendant's parole ineligibility term, which "is only [five] years greater than the mandatory" thirty-year parole ineligibility term for a conviction for knowing and purposeful murder, N.J.S.A. 2C:11-3(b)(1), "does not trigger Miller and Zuber protections." The court entered an order denying defendant's motion, and this appeal followed.

Defendant presents the following arguments for our consideration:

POINT I

BECAUSE THE SENTENCING COURT DID NOT PROPERLY CONSIDER THE MITIGATING ASPECTS OF YOUTH WHEN IMPOSING NOT ONLY THIS LENGTHY PERIOD OF INCARCERATION, BUT THE PROSPECT OF DEATH IN PRISON, WITHOUT A[] MEANINGFUL OPPORTUNITY FOR RELEASE, A RESENTENCING HEARING IS NECESSARY. U.S. CONST. AMENDS. VIII, XIV; N.J. CONST. ART. I ¶ 12.

A. THE LENGTH AND NATURE OF [DEFENDANT]'S LIFE SENTENCE NECESSITATES JUDICIAL REVIEW[.]

B. MERE ELIGIBILITY FOR PAROLE DOES NOT AMOUNT TO A MEANINGFUL OPPORTUNITY FOR RELEASE PURSUANT TO GRAHAM AND ZUBER BECAUSE, REGARDLESS OF ANY EVIDENCE THAT HE HAS BEEN REHABILITATED, [DEFENDANT] IS NOT PROMISED AN OPPORTUNITY TO GAIN RELEASE BASED UPON HIS DEMONSTRATED MATURATION AND REHABILITATION.

1. The Parole Board regularly contravenes the intentions and expectations of sentencing judges and, therefore, parole eligibility does not satisfy the sentencing requirements set forth in Graham, Miller, or Zuber or their progeny.

2. The Parole Board's decision-making process is statutorily and constitutionally deficient for purposes of assessing a juvenile's sentence and, therefore, eligibility for parole cannot serve as a meaningful opportunity for release.

7

C. THE SENTENCING COURT FAILED TO TAKE [DEFENDANT]'S YOUTH INTO ACCOUNT[.]

POINT II

THE ABSENCE OF A MEANS FOR JUDICIAL REVIEW WHERE A COURT CAN ASSESS THE FACTORS THAT COULD NOT BE FULLY ASSESSED WHEN HE WAS ORIGINALLY SENTENCED-LIKE WHETHER HE STILL FAILS TO APPRECIATE RISKS AND CONSEQUENCES, OR WHETHER HE MAY BE, OR HAS BEEN, REHABILITATED RENDERS [DEFENDANT]'S SENTENCE ILLEGAL. U.S. CONST. AMEND. VIII, XIV; N.J. CONST. ART. I ¶ 12.

II.

Under Rule 3:21-10(b)(5), "an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice[.]" See State v. Acevedo, 205 N.J. 40, 47 n.4 (2011) ("[A] truly illegal sentence can be corrected 'at any time'" (quoting R. 3:21-10(b)(5))). "Whether [a] defendant's sentence is unconstitutional is . . . an issue of law subject to de novo review." State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016).

Defendant argues his life sentence and thirty-five-year period of parole ineligibility constitutes the practical equivalent of a life sentence without parole and, as a result, it is an unconstitutional cruel and unusual punishment under the

8

Court's holding in <u>Zuber</u> in the absence of a resentencing hearing during which the court considers the <u>Miller</u> factors.  He claims the court erroneously denied him the resentencing hearing to which he is entitled based on its determination his parole ineligibility term alone was not sufficiently long to constitute the practical equivalent of a sentence of life without parole under the <u>Zuber</u> standard.

We need not directly address whether defendant's parole ineligibility term and sentence constitute the practical equivalent of a life sentence without parole under <u>Zuber</u>.  That is because the Court in <u>Comer</u> determined that a defendant who is convicted of knowing and purposeful murder as a juvenile, and who receives the lengthy sentence and period of parole ineligibility permitted and required under N.J.S.A. 2C:11-3, is entitled to "petition for a review of their sentence after having spent [twenty] years in jail."  ___ N.J. at ___ (slip op. at 53).  When a petition is filed, the trial court shall conduct an evidentiary hearing to review the defendant's sentence and "consider the <u>Miller</u> factors—including factors that could not be fully considered decades earlier, like whether the defendant still fails to appreciate risks and consequences, and whether he [or

she] has matured or been rehabilitated."[2] Ibid. (slip op. at 53). In the absence of the availability of such a hearing to review a defendant's sentence after serving twenty years, the thirty-plus-year period of parole ineligibility and thirty-plus-year sentence authorized under N.J.S.A. 2C:11-3 for a juvenile tried as an adult and convicted of murder constitutes unconstitutional cruel and unusual punishment under our State Constitution. See id. at ___ (slip op. at 51) (explaining the constitutional "problem" presented by imposing the mandatory sentences for murder under N.J.S.A. 2C:11-3 on a juvenile is addressed by "[a]llowing minors a later opportunity to show they have matured, to present evidence of their rehabilitation, and to try to prove they are fit to reenter society").

Defendant has been in custody since November 11, 1992. With jail credits awarded at sentencing in 1994, and his subsequent incarceration in prison, he has served almost thirty-years.[3] Regardless of whether his sentence constitutes

---

[2] The trial court is also required to consider "[a] defendant's behavior in prison since the time of the offense," "evidence of any rehabilitative efforts since the time a defendant was last sentenced," and any "additional evidence relevant to sentencing." Id. at ___ (slip op. at 53-54).

[3] Defendant's judgment of conviction states he was arrested on November 11, 1992, and remained incarcerated through sentencing in 1994, after which he was transferred to prison. He was awarded 472 days of jail credit. The New Jersey

the practical equivalent of a life sentence without parole under the <u>Zuber</u> standard, his sentence does not withstand scrutiny under our state constitution unless he is afforded a review of his sentence in accordance with the procedural and substantive requirements established by the Court in <u>Comer</u>. <u>Ibid.</u>; <u>see also</u> <u>Thomas</u>, ___ N.J. Super. at ___ (slip op. at 41) (finding the "defendant, who was sentenced of life in prison without a specified period of parole ineligibility and has been incarcerated for forty years for crimes committed when a juvenile . . . is entitled to the same type of hearing adopted in <u>Comer</u>"). We therefore vacate the court's order and remand for an evidentiary hearing and a review of defendant's sentence in accordance with <u>Comer</u>'s requirements.

On remand, defendant shall be permitted to amend his motion for a review of his sentence, and the court shall conduct such proceedings as it deems appropriate to complete the hearing and render its decision. We do not offer an opinion on the merits of defendant's motion, and nothing in this opinion shall be

---

Department of Corrections' website lists defendant's current parole eligibility date as October 17, 2027. Directions for Accessing Inmate Information, New Jersey Department of Corrections, https://www.state.nj.us/corrections/pages/index.shtml (click "Offender Information" drop down box; then select "Offender Search Engine" option, then search defendant's name "Jermaine Bryant").

construed as limiting the arguments and evidence the parties may submit in support of their respective positions on remand.[4]

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] The court did not address or decide the substantive arguments made in support of defendant's motion, other than to determine he was not entitled to reconsideration of his sentence because it did not constitute the practical equivalent of life without parole. Nothing in this opinion should be construed as limiting defendant's ability on remand to reprise any of the substantive arguments supporting his motion for reconsideration and modification of his sentence.

A-1547-19